UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EDWARD MONTREAL PEEL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0569-CVE-SAJ |
| | ) | |
| SARA SMITH, ROSE EWING, | ) | |
| ERICA, and the DRUG COURT TEAM, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

        This matter comes on for consideration of plaintiff's Complaint (Dkt. # 1) and plaintiff's

Motion for Leave to Proceed In Forma Pauperis (Dkt. # 2).  Plaintiff alleges that personnel of the

drug court of the Tulsa County District Court have retaliated against plaintiff because he filed a

lawsuit against them.  He claims that he has been ordered to pay for "daily blows" and urinalysis

at a laboratory when he should be receiving free testing from the drug court.  However, the

complaint contains no jurisdictional allegations nor does it appear from the face of the complaint

that this Court has subject matter jurisdiction over plaintiff's claims.  The Court will consider this

issue   sua  sponte  because the Court has such a duty whenever it appears that subject matter

jurisdiction may be lacking.  Fed. R. Civ. P. 12(h)(3).

        Federal courts are courts of limited jurisdiction, and there is a presumption against the

exercise of federal jurisdiction.  Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005);

Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991).  Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal

subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S.

178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); <u>Montoya v. Chao</u>, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" <u>1mage Software, Inc. v. Reynolds & Reynolds Co.</u>, 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff completed a form complaint provided by the Court to assist <u>pro se</u> plaintiffs when filing a complaint, and the form complaint contains a blank for the plaintiff's jurisdictional allegations. In this case, plaintiff left this space blank and did not allege any basis for subject matter jurisdiction in federal court. <u>See</u> Dkt. # 1. The Court has reviewed the complaint and finds no basis to exercise diversity jurisdiction over plaintiff's claims. The complaint states that each defendant is a citizen of Tulsa, Oklahoma, and there is no possibility that diversity jurisdiction is proper. In addition, plaintiff has not alleged that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); <u>United States for Use and Benefit of General Rock & Sand Corp. v. Chuksa Development Corp.</u>, 55 F.3d 1491, 1495 (10th Cir. 1995); <u>Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.</u>, 929 F.2d 1519, 1521 (10th Cir. 1991). Likewise, plaintiff has not asserted any right arising under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; <u>Martinez v. United States Olympics Committee</u>, 802 F.2d 1275, 1280 (10th Cir. 1986) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."). Even construing plaintiff's <u>pro se</u>

2

complaint broadly, the Court can not identify any possible basis for recovery arising under federal law.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. # 2) is **deemed moot**.

**DATED** this 11th day of October, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3